*126 THACKER, .Circuit Judge,
concurring:
T agree with the majority’s conclusion that 28 U.S.C. § 1658(a)’s four year limitations period does not apply to 18 U.S.C. § 4248’s civil commitment proceedings.Therefore, I concur in the judgment. However, I pursue a different route to reach this conclusion.
In my view, § 4248 civil commitment proceedings are “civil actions” under § 1658(a); but, application of the four year limitations period in' the circumstance of this case would lead -to an absurd result. Thus, I reject application of-the four year limitations period to § 4248 civil commitment proceedings.
I.
A.
I- first address the Government’s argument that § 4248 civil commitment proceedings are not “civil actions” and thus not subject to § 1658(a)’s four year limitations period. Any statutory analysis necessarily begins with the plain language of the statute. “[W]hen the statute’s language is plain, the sole function of the courts[—]at least where the disposition required by the text is not absurd[—]is to enforce it according to its terms.” Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (emphasis supplied) (internal quotation marks omitted).
Section 1658(a) states: “Except as otherwise provided by law, a civil action arising under an Act of Congress ... may not be commenced later than [four] years after the cause of action accrues.” 28 U.S.C. § 1658(a). Because the term “civil action” is undefined in the statute, we afford the term its ordinary meaning. See People for the Ethical Treatment of Animals v. U.S. Dep’t of Agric., 861 F.3d 502, 509 (4th Cir. 2017).
Black’s Law Dictionary defines “civil action” by cross reference to “action.” See Civil Action, Black’s Law Dictionary (10th ed. 2014). It defines “action” broadly as:
A civil or criminal judicial proceeding.
“An action has been defined to be an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong,, oi; the punishment of a public offense. But in some sense this definition is equally applicable to special proceedings. More. accurately, it is defined to be any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree. The action is said to terminate at judgment.” 1 Morris M. Estee, Estee’s Pleadings, Practice, and Forms § 3, at 1 (Carter P. Pomeroy .ed., 3d ed. 1885). .

Action, Black’s Law Dictionary (10th ed. 2014) (emphasis supplied). “Actions” include special proceedings. Surely, by their very nature, civil commitment proceedings must be considered special proceedings. See Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (recognizing that civil commitment constitutes a significant deprivation of liberty); United States v. Peres, 752 F.3d 398, 405 (4th Cir. 2014) (acknowledging that the “unique” nature of civil commitment proceedings may render some of the Federal Rules of Civil Procedure unnecessary). “Actions” also include “judicial proceedings” resulting in a-judgment. Undoubtedly, civil commitment proceedings are “judicial proceedings” resulting in a judgment. See 18 U.S.C. § 4248(d) (“If, after the hearing, the court finds by clear and convincing evidence that the person is a sexually dangerous person, the court shall commit the person to the • custody of the Attorney General.”). -

*127 Furthermore, we have already concluded that § 4248 civil commitment proceedings are of the “civil” variety. In United States v. Perez, 752 F.3d 398, 404 (4th Cir. 2014), we. determined that a § 4248 civil commitment hearing is a “civil action” or “proceeding” subject to the Federal Rules of Civil Procedure unless “displaced by specific procedural provisions.” See also Fed. R. Civ. P. 1 (“These rules govern the procedure in all civil actions and proceedings in the United States district courts .... ” (emphasis supplied)). This court has also described the civil commitment hearing as “civil in nature” where “procedural due process ... guarantee[s] certain protections.” United States v. Wood, 741 F.3d 417, 423 (4th Cir. 2013); see also United States v. Timms, 664 F.3d 436, 455-56 (4th Cir. 2012) (affirming the district court’s conclusion that § 4248 creates civil-—not criminal—proceedings).
Moi'eover, the Supreme Court has broadly recognized that the word “proceedings” may refer to either criminal actions or civil actions. See Kansas v. Hendricks, 521 U.S. 346, 361-62, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (“The categorization of a particular proceeding as civil or criminal is ... a question of statutory construction.” (internal quotations omitted)). And, the Supreme Court has declared: “a civil commitment proceeding can in no sense be equated to a criminal prosecution.” Addington, 441 U.S. at 428, 99 S.Ct. 1804. What else then could such a proceeding be? Because § 4248 civil commitment proceedings “can in no sense be equated to a criminal prosecution,” § 4248 civil commitment proceedings logically must be “civil actions.” Id.

B.
Although I readily conclude that § 4248 civil commitment proceedings are “civil actions,” it is equally clear to me that applying § 1658(a)’s four year -limitations period to such proceedings would lead to absurd results. Accordingly, I also conclude that § 1658(a) does not apply, to § 4248 civil commitment proceedings. See Hartford Underwriters, 530 U.S. at 6, 120 S.Ct. 1942.
1.
If § 1658(a)’s four year limitations period applied to civil commitment proceedings, accrual of such limitations period would occur in most cases on the date of sentencing—when the government quite likely has sufficient information to suspect a person is sexually dangerous. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (“Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action”). This accrual point highlights the absurdity here. See also ante at 125 n.5. Normally, a statute of limitations requires a past act, event, or harm to trip the limitations clock. See Statute of Limitations, Black’s Law Dictionary (10th ed. 2014) (defining a statute of limitations as “a statute establishing a time limit for suing in a civil ease, based on the date when the claim accrued (as when the injury occurred or was discovered)”). In civil commitments, however, there is no corresponding past act, event, or harm by which to mark accrual. Instead, the limitations period would.run from the time of reasonable suspicion of future harm. This is inconsistent with .other statutes of limitations. ;
2.-
In a civil commitment proceeding, the district court must find that the individual currently “suffers from a serious mental illness, abnormality, or disorder” and “as a *128 result of’ that mental condition, the individual “would have serious difficulty in refraining from sexually violent conduct or child molestation if released.” 18 U.S.C. § 4247(a)(5)—(6) (emphasis supplied); see United States v. Wooden, 693 F.3d 440, 460 (4th Cir. 2012) (“Determining whether an inmate will have serious difficulty refraining from re-offending requires the court to ‘evaluate[] the individual’s present mental condition and the likely prospective effect of that mental condition on his volitional control.’” (quoting United States v. Francis, 686 F.3d 265, 275 (4th Cir. 2012))). Thus, the district court must make present and prospective findings: the individual’s current mental state and future risk upon release. But, the district court’s factual findings of present mental condition and future sexual dangerousness, especially if made well before the scheduled release date, could become stale and inapplicable by the time of scheduled release. Thus, a determination of future risk would be highly speculative. Such determination would assume that the individual would still suffer from the mental disorder at the time of scheduled release—which could be years in the future.
3.
Additionally, the district court’s decision concerning commitment would not account for any rehabilitative efforts or material changes occurring between commitment and scheduled release. As a result, applying a four year limitations period would be detrimental to those individuals with sentences longer than four years who become rehabilitated after the four year deadline. Simply put, the district court’s decision would be premature.
Given the significant liberty interest at stake, all rehabilitative efforts or material changes occurring prior to scheduled release should be considered before making a commitment determination. A more developed factual record would only serve to enhance fairness and improve the accuracy of the district court’s factual findings on the current mental state and the future risk of dangerousness. Applying a four year limitations period would cut the evi-dentiary record short and force the district court to make speculative, premature findings.
Moreover, such a premature determination would undermine the criminal justice system’s purpose of rehabilitation. See Kelly v. Robinson, 479 U.S. 36, 52, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Particularly, by precluding the district court from considering any rehabilitative efforts undertaken between commitment and scheduled release, the four year limitations period would discount the notion that offenders can be rehabilitated through imprisonment. In order to promote the rehabilitative purpose of the criminal justice system, district courts should consider an individual’s full account of rehabilitation, not just four years’ worth.
4.
The most blatant absurdity is also the most impactful, that is, there is no reason to civilly commit an individual who is already in custody and who will remain in custody for a significant period. Section 4248’s civil commitment scheme is designed to protect the public from a present threat of harm. See Motherly v. Andrews, 817 F.3d 115, 119 (4th Cir. 2016). Where a sexually dangerous person’s release is far in the future, by definition, that individual cannot pose a present risk to the community. Thus, in many circumstances, applying a four year limitations period to § 4248 civil commitment proceeding's would require the commitment of those not “nearer to release.” Id. As a result, application of *129 the four year limitations period would run counter to the aims of § 4248.
5.
Appellant argues that the availability of review hearings cures any absurdity. I disagree. To the contrary, review hearings underscore the absurdity in two ways. First, putting a large amount of already strained government resources toward early certification in order to meet the four year statute of limitations, followed by constant recertification review hearings, would be inefficient. Second, the earlier civil commitment proceedings must occur, the more likely the government is to meet its initial burden to show that the individual is a “sexually dangerous person.” See United States v. Springer, 715 F.3d 535, 538 (4th Cir. 2013) (stating that at the committal hearing the government has the burden to show that the individual is a “sexually dangerous person” by clear and convincing evidence). This is so because the government will quite likely have a plethora of damning facts obtained from the individual’s presentence investigation report. In this way, the system would be skewed in favor of commitment. Correspondingly, after committal, the committed individual is disadvantaged in seeking release because in a review hearing, the committed person carries the burden of showing that he is no longer a “sexually dangerous person” by a preponderance of the evidence. See 18 U.S.C. § 4248(e); see also United States v. Wooden, 217 F.Supp.3d 843, 850-51 (E.D.N.C. 2016). Thus, applying the four year limitations period would make civil commitments easier for the government to initially secure and more difficult for committed individuals to overcome.
Ultimately, these multiple absurdities compel me to conclude that § 1658(a)’s four year limitations period does not apply to § 4248 civil commitment proceedings.
II.
Therefore, for the foregoing reasons, I concur in the judgment but not in the proposed path to judgment.